M8BCmarC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                      22 Cr. 251 (LJL)

RAFAEL MARTINEZ,

          Defendant.

------------------------------x

                                  New York, N.Y.
                                  August 11, 2022
                                  3:00 p.m.

Before:

                 HON. LEWIS J. LIMAN,

                           District Judge

                    APPEARANCES

DAMIAN WILLIAMS,
    United States Attorney for the
    Southern District of New York
BY:  OLGA ZVEROVICH
    Assistant United States Attorney

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO PC
    Attorneys for Defendant
BY:  ELKAN ABRAMOWITZ
    TELEMACHUS P. KASULIS
    -and-
WILLKIE FARR & GALLAGHER LLP
BY:  RANDALL W. JACKSON

M8BCmarC

(Case called)

MS. ZVEROVICH:  Good afternoon, your Honor.  Olga Zverovich for the United States.

THE COURT:  Good afternoon.

MR. KASULIS:  Good afternoon, your Honor.  Tim Kasulis, Elkan Abramowitz, and Randall Jackson for Mr. Rafael Martinez.

THE COURT:  We're on for a status conference.  So let me hear from the government the status of the case.  Have you completed discovery and where do things stand?

MS. ZVEROVICH:  Your Honor, yes.  The government has completed discovery at this time and produced it to defense counsel.  To the extent there are any additional discovery materials that we receive on a rolling basis going forward, we will be producing those materials to the defendant as we receive them.

We have conferred with defense counsel and I believe the parties are prepared to set a further schedule in this case subject to the Court's views.

THE COURT:  Do you want to present it to me and then I'll speak to defense counsel?

MS. ZVEROVICH:  Yes, your Honor.  What we discussed, we believe, subject to the Court's schedule, a trial date sometime in May of 2023 would work for both sides.  I believe that defense counsel has a proposal in terms of the motion

M8BCmarC

schedule working off of that trial date.

THE COURT:  I'll hear from them.  I take it you're familiar with what they're going to propose to me?

MS. ZVEROVICH:  I am actually not, your Honor.  I believe up until a few moments ago, they were discussing the various scheduling issues that various defense counsel have, so I actually do not know what they specifically intend to propose.

THE COURT:  Refresh me, how long do you expect the trial to last?

MS. ZVEROVICH:  Your Honor, I am actually -- I apologize to the Court.  I'm filling in for my colleague.  I actually do not have an estimated length at this time.  I apologize.

THE COURT:  Who am I going to hear from on the defense side?

MR. KASULIS:  It's me, your Honor, Tim Kasulis. Ms. Zverovich is correct.  We have received discovery, it is voluminous.  So what I would propose, your Honor, is a trial date in May, if that fits the Court's calendar or thereabouts, and a motion schedule sufficiently far in the future from today to give us time to be able to review all that voluminous discovery and make intelligent motions for the Court's consideration.  I would suggest our motions due in December, if that works for your Honor.

M8BCmarC

THE COURT:  My recollection is that this is not a case in which there were search warrants or postarrest statements or anything of the like.  What type of motions do you contemplate?

MR. KASULIS:  Your Honor, one of the things we have to consider is whether there is any suppressible material.  Your Honor is correct that there is no postarrest statement.  There may be other bases to attack the government's evidence.  There is certainly no opportunity for severance here, that's not an issue.  We really do have to dig into the government's Rule 16 production to be sure about any real motions we can make, your Honor.

To a certain extent, Judge, our schedules have been compromised because I just finished a trial, and Mr. Jackson and Mr. Schachter have a trial about to begin.  So, really, that's why we need that extra time, to make sure that we're safeguarding Mr. Martinez's rights in the motion phase.

THE COURT:  Can you refresh me, Mr. Kasulis, last time we were here, what did the government estimate was the length of the trial?

MR. KASULIS:  May I just confer with my colleague, your Honor.

(Pause)

Your Honor, Mr. Jackson's recollection corresponds to my own, about two weeks is what we recall and we think that's about right.

M8BCmarC

THE COURT:  Give me a moment to confer with my deputy.

MR. KASULIS:  Yes, your Honor.

(Pause)

THE COURT:  Okay.  Let me tell you what I have in mind and then see if it works first for the government and then for the defense.

I'm prepared to try this case on May 1.  I'm also prepared to receive motions on December 2nd with opposition briefs filed on December 23rd and replies on January 6th.  We would then do a motions hearing sometime in mid January.

Based off of a May 1 trial date, I'm going to need requests to charge and proposed voir dire and any motions *in limine* by April 7th, oppositions to the motions *in limine* and responses to the requests to charge and proposed *voir dire* on the 14th of April, and any replies on the motions *in limine* — I would hope there would not be a need for them — on April 18th, with a pretrial conference to be held sometime probably late the week of April 22nd.

Does that work for the government, those dates?

MS. ZVEROVICH:  That schedule works for the government.  Thank you, your Honor.

THE COURT:  Mr. Kasulis, what about on your end?

MR. KASULIS:  That's fine with us, your Honor.

THE COURT:  Let me give you some dates for the motion hearing mid January of 2023 and for the final pretrial

M8BCmarC

conference the week of April 22nd.  The motion hearing will be January 19th at 11:00 a.m., final pretrial will be April 25th at 2:00 p.m.  Let me just look at one other thing.  Does the government have a view as to whether it intends to present any kind of expert testimony?

MS. ZVEROVICH:  Your Honor, I'm not aware of that right now.  If that changes, we will let defense counsel and the Court know.

THE COURT:  What about on the defense side?

MR. KASULIS:  We're not sure yet, your Honor.  To the extent the Court wishes to set an expert disclosure deadline, that might make sense just from an abundance of caution.

THE COURT:  That's the reason why I asked that question.  Mr. Kasulis, do you have a proposal for me to consider?

MR. KASULIS:  Just a moment, if you would, your Honor.

(Pause)

Your Honor, after conferring here, it probably makes sense to put it between these two busy windows that we have.  So perhaps March 1st.

THE COURT:  That would be for each side to disclose the experts they intend to present at trial.

The government's view on that?

MS. ZVEROVICH:  That's fine with the government, your Honor.

M8BCmarC

THE COURT:  So March 1st the will be the deadline for each side to propose any experts, and then if there are *Daubert* motions with respect to the expert, I can receive them at the same time as the motions *in limine*.  I don't think there is a need to get *Daubert* issues resolved before then.  Do you, Mr. Kasulis?

MR. KASULIS:  That's fine, your Honor.

THE COURT:  Does the government?

MS. ZVEROVICH:  That's fine with the government, your Honor.

THE COURT:  Besides the Speedy Trial Act, is there anything else to address from the government's perspective?

MS. ZVEROVICH:  No, your Honor.

THE COURT:  What about from the defense perspective?

MR. KASULIS:  No, your Honor.  Thank you.

THE COURT:  Is there an application of the Speedy Trial Act?

MS. ZVEROVICH:  Yes, your Honor.  The government moves to exclude time under the Speedy Trial Act through January 19th of 2023 in the interests of justice.  That time will enable defense counsel to continue reviewing discovery and the parties to prepare and brief any appropriate motions for the Court.

THE COURT:  Let me ask first you and then I'll ask the defense whether there's any reason why I shouldn't exclude time all the way up until the date of trial.  If the defense is the

M8BCmarC

one asking for a trial on May 1 and feels like they need that given their trial schedules and the voluminous discovery, it seems to me there would be a basis for an exclusion of time.

MS. ZVEROVICH:  We agree, your Honor.  We would move to exclude time through the trial date.

MR. KASULIS:  We have no objection, your Honor.

THE COURT:  Then the Court will exclude time from today until May 1, 2023 under the Speedy Trial Act, 18 U.S.C. 3161(h)(7)(A).  As previously indicated, I find that the ends of justice outweigh the interests of the defendant and the public in a speedy trial in that the discovery in this case is voluminous and counsel needs time to go through the discovery to prepare for trial, to discuss any kind of pretrial dispositions, to consider motions to make, experts to retain, and to consult with the clients.  Is there anything further from the government's perspective?

MS. ZVEROVICH:  No, your Honor.  Thank you.

THE COURT:  Anything further from the defense perspective?

MR. KASULIS:  No, your Honor.  Thank you.

THE COURT:  Good afternoon, everybody.  If there is a need for the Court to pay attention to this case or for there to be a hearing anytime before January of 2023, I assume you'll all write.  Thanks.

* * *