

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 12, 2022

**BY ECF**

The Honorable Lewis J. Liman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

     **Re:**    *United States v. Rafael Martinez*, 22 Cr. 251 (LJL)

Dear Judge Liman:

     The Government respectfully submits this supplemental letter to explain the grounds for its opposition to the defendant's request for a trial adjournment based on the pending Supreme Court case *Dubin v. United States*, No. 22-10 (U.S.). (*See* Dkt. 35, 37). The Government opposes an adjournment because the issues presented in *Dubin*, while interesting, are not applicable to the facts of this case.

     The defendant in *Dubin* submitted a healthcare reimbursement claim with material misrepresentations. None of those misrepresentations, however, related to the identity of the patient listed in the claim. According to Dubin's petition for a writ of certiorari, "[t]he government disputed neither that petitioner in fact treated Patient L nor that petitioner had the authority to use Patient L's name in billing. Nor did the government contend that the bill was false because of anything petitioner said (or didn't say) about Patient L's identity." Dubin Petition 2. [1] Nevertheless, the inclusion of that patient's identifying information in the claim constituted the basis for Dubin's conviction of aggravated identity theft under 18 U.S.C. § 1028A. The question presented in Dubin's Supreme Court petition is thus "whether a person commits aggravated identity theft any time he mentions or otherwise recites someone else's name while committing a predicate offense." Dubin Petition i. As Martinez notes in his letter motion, the Fifth and Fourth Circuits have answered that question in the affirmative. In other Circuits, [2] "a person violates

---

[1]     Available    at    https://www.supremecourt.gov/DocketPDF/22/22-10/229249/20220630145158923_Dubin%20-%20Petition.pdf.

[2] In *United States v. Wedd*, 993 F.3d 104 (2021), the Second Circuit held that "use" of a means of identification for purposes of Section 1028A means employing the means of identification "to further or facilitate" the enumerated felony, which "connotes causation." *Id.* at 123. The Court rejected the argument that the statute requires the defendant to "make some effort to impersonate the person in question." *Id.*; *see also* Dubin Petition 19 (discussing *Wedd*).

Section 1028A only when he engages in identity theft or at least makes some sort of misrepresentation involving another person's identity." Dubin Petition 3; *see also id.* at 16.

Here, even assuming the Supreme Court adopted the narrower construction of Section 1028A, Martinez would still be guilty of violating the statute. Martinez engaged in identity theft and made misrepresentations involving that stolen identity when he submitted a fraudulent Paycheck Protection Program ("PPP") loan application for his business. As described in the Complaint[3]:

> In connection with the loan application, MARTINEZ represented that MBE had as many as 15 employees and an average monthly payroll of approximately $119,390 in 2019. In fact, however, from in or about April 2018 through in or about April 2020, MBE had at most four employees who had a total average monthly payroll of no more $25,000. In order to support the false representations made by MARTINEZ in the loan application about the number of employees at and the wages paid by MBE, MARTINEZ submitted fraudulent and doctored tax records that contained the forged signature of a tax preparer located in Manhattan, New York (the "Tax Preparer").

(Dkt. 1 ¶ 10). In particular, Martinez submitted several IRS Forms 941 that were fake, but appeared to have been signed not only by Martinez but also by the Tax Preparer. (*Id.* ¶ 19(c)). In fact, the Tax Preparer's signature was forged; the "Tax Preparer did not prepare, review, authorize, or sign" the forms Martinez submitted. (*Id.* ¶ 20(d)). In short, the conduct underlying the Section 1028A charge in this case is based on identity theft (stealing the Tax Preparer's identity) and involved material misrepresentations relating to that identity (that the Tax Preparer had prepared and signed the fake Forms 941 on the provided dates). As a result, the Government respectfully submits that a jury instruction adopting the narrower construction of the statute would suffice in this case and obviate the need for a trial adjournment.

For similar reasons, the defendant's suggestion that *Dubin* could affect unspecified evidentiary issues at trial is mistaken. Even if the Supreme Court struck Section 1028A from the statute books entirely—an outcome, of course, virtually certain not to occur—the admissibility of the evidence showing the defendant's use of fake Forms 941 containing the forged signature of the Tax Preparer would be unchanged. That identity theft evidence is part and parcel of what made the PPP loan application fraudulent, and thus a violation of Counts Three and Four. Such evidence is thus admissible even if Count Five had never been charged.[4]

---

[3] The Complaint charged aggravated identity theft as its seventh count. The references to counts herein are to the Indictment, which charged aggravated identity theft in Count Five.

[4] Lastly, while the Court did not even require the Government to respond to the point, the Government notes that the defendant's request—unsupported by any argument—to dismiss Count Five is baseless and should be denied.

For the reasons set forth above, the defendant's letter motion should be denied.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____
Micah F. Fergenson
Assistant United States Attorney
(212) 637-2190

cc: Defense Counsel (By ECF)