

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 13, 2023

**BY ECF**
The Honorable Lewis J. Liman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

>   Re:    *United States v. Rafael Martinez*, **22 Cr. 251 (LJL)**

Dear Judge Liman:

The defendant in the above-captioned action has filed a motion to dismiss Count One of the Indictment.  Oral argument is scheduled for this coming Tuesday, January 18, 2023 at 10:00 a.m.  The Government writes to request an adjournment of the argument, for the reasons set forth below.

As the Court is aware, the defendant seeks to dismiss Count One because, in his estimation, it charges a scheme to defraud the Small Business Administration (the "SBA") of its approval to become a non-bank lender through the Paycheck Protection Program (the "PPP").  (Def. Rep. Mem. at 1).  The Government, by contrast, contends that Count One charges a scheme to obtain millions of dollars in PPP capital and in lender fees from both the Federal Reserve and an insurance company (the "Company"), a scheme effectuated, in part, by making false statements to the SBA. (Govt. Opp. at 12).  In his reply brief in support of the motion to dismiss, the defendant focuses on the precise language of the "to wit" clause contained in Count One, arguing that that language supports his view of the conduct at issue.  (*Id.* at 3-5).  As set forth in the Government's opposition, the "to wit" clause need not specify all the particulars of how and from whom Martinez fraudulently obtained the fund at issue.  *See, e.g.*, *United States v. Bastian*, 770 F.3d 212, 221 (2d Cir. 2014) ("[W]e have never suggested that a 'to wit' clause binds the government to prove the exact facts specified in a criminal indictment.").  Nevertheless, in an abundance of caution, the Government intends to seek a superseding indictment in this matter, to clarify the language in the "to wit" clause in Count One.

Because oral argument on the defendant's motion to dismiss will no doubt involve discussion of the operative charging language, the Government submits that a short adjournment

of the scheduled oral argument is appropriate[1].  Accordingly, the Government intends to seek a superseding indictment within fourteen days and respectfully requests that oral argument be adjourned approximately thirty days.[2]  The Government has conferred with defense counsel, who oppose the motion to adjourn the oral argument.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____
Katherine Reilly
Micah F. Fergenson
Katherine Reilly
Assistant United States Attorneys
(212) 637-6521/2190

cc: Defense Counsel (By ECF)

---

[1]  The Court has also indicated its intent to hold the *Curcio* hearing requested in the Government's January 4, 2023 letter this coming Tuesday.  The Government submits that the *Curcio* hearing could also be adjourned to the date of any rescheduled argument.

[2]  As the Court is aware, AUSA Fergenson is scheduled to begin a trial before Judge Abrams on February 18, 2023.  The Government expects that trial to take approximately two weeks.