NCIYMAR2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

      v.                 22 Cr. 251 (LJL)

RAFAEL MARTINEZ,

         Defendant.

                       Curcio Hearing
------------------------------x

                       New York, N.Y.
                       January 17, 2023
                       10:35 a.m.

Before:

              HON. LEWIS J. LIMAN,

                     District Judge

              APPEARANCES

DAMIAN WILLIAMS
    United States Attorney for the
    Southern District of New York
BY:  KATHERINE CANNELIA REILLY
    Assistant United States Attorney

WILKIE FARR & GALLAGHER LLP
BY:  RANDALL W. JACKSON
    MICHAEL SCHACHTER
    STEVEN BELLEW
    - AND -
MORVILLO ABRAMOWITZ GRAND Iason & ANELLO P.C.
BY:  TELEMACHUS P. KASULIS

(Case called)

THE DEPUTY CLERK:  Counsel, for the government, please state your appearance for the record.

MS. REILLY:  Good morning.  Katherine Reilly for the government.

THE COURT:  Good morning.

MR. JACKSON:  Good morning, your Honor.  Randall Jackson, Michael Schachter, and Telm Kasulis on behalf of Rafael Martinez.  Also present today, your Honor, is our associate, Steven Bellew.

THE COURT:  Good morning to you.  And good morning, Mr. Martinez.

This matter was originally scheduled for oral argument on the motion to dismiss the indictment.  Since the scheduling of that, I've received a letter from the government dated January 4, 2023, requesting that I conduct a *Curcio* hearing in light of the application of Mr. Bellew, an associate at Wilkie Farr, for a position as an assistant United States attorney in the Southern District of New York.  And I've indicated that we would hold a *Curcio* hearing today based upon that potential conflict of interest.

I also received a letter from the government indicating that the government intended to supersede the indictment.  And in light of that intention and at the government's request and over the defendant's opposition, I

rescheduled the oral argument on the motion to dismiss the indictment.

So it's my intention today to conduct a *Curcio* hearing, using primarily the government's proposed *Curcio* hearing questions. I've got a couple of questions for counsel about those questions which I'll ask in a moment.

After conducting the *Curcio* hearing, I'm going to inquire of the government its anticipated timing with respect to the superseding indictment and discuss with counsel whether there is a need for any further briefing or anticipated need for any further briefing on the motion to dismiss the indictment. And then I'll be prepared to address any other matters that counsel wants to raise with me.

So with that in mind, a couple of questions about the proposed *Curcio* hearing questions.

First, from the defense, is there any objection to me asking the questions suggested by the government?

Mr. Schachter or Mr. Jackson?

MR. JACKSON: No, your Honor.

THE COURT: There are a couple of things that I've got. First of all, from Wilkie Farr's perspective, I take it Wilkie Farr is retained in this case.

Am I correct about that?

MR. JACKSON: That's correct.

THE COURT: Is there any need for me to ask that

particular question?

MS. REILLY:  No, your Honor.

THE COURT:  Is there counsel from Morvillo Abramowitz present today?

MR. KASULIS:  I am, your Honor.  Telm Kasulis.

THE COURT:  Mr. Kasulis, just so I know for purposes of the question, has your client discussed with you the issues that are raised in the *Curcio* hearing and Mr. Bellew's interest or potential conflict of interest?

MR. KASULIS:  Yes.

THE COURT:  Then let me ask the questions of Mr. Martinez.

Does the government think that Mr. Martinez needs to be placed under oath for this?  I don't think so.

MS. REILLY:  I don't believe so, your Honor.

THE COURT:  Mr. Martinez, let me address myself to you.

I've got a series of questions.  If you don't understand any of my questions, just tell me that, and I'll try to rephrase them.  If you want to discuss any of the questions that I've asked with your counsel, just let me know that.

It's critically important that you understand all of the questions that I ask before you answer them.  So, unless you tell me you don't understand a question, I'm going to assume that you understand a question.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  How old are you, sir?

THE DEFENDANT:  Fifty-seven.

THE COURT:  How far did you go in school?

THE DEFENDANT:  Third year of college.

THE COURT:  Are you currently consulting a doctor for any condition?

THE DEFENDANT:  No, your Honor.

THE COURT:  Are you currently under the influence of alcohol or drugs of any kind?

THE DEFENDANT:  No, your Honor.

THE COURT:  Are you feeling well enough to proceed with the hearing today?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And do you understand the purpose of the hearing today?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Is your mind clear today?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Now, are you currently represented by, among other attorneys, Michael Schachter, Randall Jackson, and Stephen Bellew of the law firm Willkie Farr & Gallagher LLP?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you know, sir, that Mr. Bellew has

applied for a position with the United States Attorney's Office for the Southern District of New York?  That is, the office that is currently prosecuting you.

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Now, because of Mr. Bellew's pending application with the United States Attorney's Office for the Southern District of New York, I wish to advise you of certain matters.

You should understand that under the Constitution and laws of the United States, you are entitled to the aid and assistance of counsel at all times in these proceedings.  You are entitled to counsel of your own choice, unless there is a strong legal reason for disqualifying that counsel.  If you could not afford an attorney, an attorney would be appointed to represent you without costs.

Do you understand all that have?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And it is essential to the idea of an adequate defense in a criminal proceeding that your attorney have no conflicts or adverse interests of any kind.  That is to say, he cannot, unless it is with your knowledge and consent, have any conflicting interest in the case.

You have the right to the assistance of a lawyer whose loyalty to you is undivided and not subject to any factor that might intrude upon that loyalty.  The purpose of this law and

these principles is to ensure that you have the full, devoted defense furnished to you by an attorney who has no possible interest of any kind in this matter.

Do you understand all of that?

THE DEFENDANT: Yes, your Honor.

THE COURT: Now, this Court, having presided as the judge in a number of trials in this courthouse and having served as counsel for a long time, believes that representation where there is a potential conflict of interest may be ill-advised.

Do you understand that?

THE DEFENDANT: Yes, your Honor.

THE COURT: Do you understand that Mr. Bellew's application for employment with the United States Attorney's Office for the Southern District of New York as a prosecutor creates a potential that he may have allegiances to interests that may be adverse to your own interests?

Do you understand that?

THE DEFENDANT: Yes, your Honor.

THE COURT: Do you understand that by deciding to proceed with Mr. Schachter, Mr. Jackson, and Mr. Bellew as part of your defense team, you are waiving any argument, after your sentencing, that they were ineffective or deficient in their representation of you because Mr. Bellew suffered from a conflict of interest by virtue of his application for a

position with the United States Attorney's Office?

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Now, have you discussed these conflict of interest matters with Mr. Schachter, Mr. Jackson, and Mr. Bellew?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Are you satisfied with their representation of you?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Now I want you to describe for me in your own words your understanding of the conflict of interest that potentially arises from Mr. Bellew's representation of you while pursuing his application for a position with the United States Attorney's Office as a federal prosecutor.

THE DEFENDANT:  Well, my understanding is that a member of our legal team has applied for a position with the very same office as is prosecuting me.  But I feel comfortable with the team that I have, the lead team, extremely comfortable, with my defense going forward.

THE COURT:  Do you understand that with respect to Mr. Bellew specifically, that Mr. Bellew's application to the very office that's prosecuting you may create for him a conflict of interest in that he might have interest with the U.S. Attorney's Office that would be inconsistent with his

interest in protecting you and your interests?

THE DEFENDANT:  I understand that.

THE COURT:  Now, do you understand that you've got a right to consult with a lawyer, other than Mr. Schachter, Mr. Jackson, and Mr. Bellew, in order to determine whether you wish Wilkie Farr to continue to represent you?

THE DEFENDANT:  I do, your Honor.

THE COURT:  And have you consulted with any attorney, other than Mr. Schachter, Mr. Jackson, and Mr. Bellew, to determine whether you wish Wilkie Farr to represent you and to discuss the issue of potential conflict of interest?

THE DEFENDANT:  Well, I've had conversations with one of our attorneys that is here today, Mr. Kasulis, and feel very comfortable moving forward with the additional team of Wilkie Farr.

THE COURT:  So have you discussed with Mr. Kasulis of the Morvillo firm the issues of potential conflict of interest and your right to undivided counsel?

THE DEFENDANT:  Yes.  And I feel extremely comfortable moving forward with them.

THE COURT:  If you wanted the opportunity to consult with Mr. Kasulis further, I would give you that opportunity.

Do you understand that?

THE DEFENDANT:  I do, your Honor.

THE COURT:  Now, I've got no other questions for

Mr. Martinez, unless the government has any questions.  I do have questions for defense counsel.

MS. REILLY:  No other questions for Mr. Martinez.

THE COURT:  Thank you, Mr. Martinez.

I guess I should address myself to you, Mr. Jackson.  Is that fair?

MR. JACKSON:  If it pleases the Court.

THE COURT:  Mr. Jackson, have you and Mr. Schachter and Mr. Bellew discussed the potential conflicts of interest with Mr. Martinez?

MR. JACKSON:  We have, your Honor.

THE COURT:  Do you feel that he understands the possible risks of being represented by a lawyer with potential conflicts of interest?

MR. JACKSON:  Yes, your Honor.

THE COURT:  Let me just ask one or two more questions of Mr. Martinez.

Mr. Martinez, you may retain seated.

Thank you, Mr. Jackson.

Mr. Martinez, if you wanted, I would give you several more days to consult about the conflict of interest issues.

Do you want those several days?

THE DEFENDANT:  No, your Honor.  I'm comfortable with the decision moving forward with the team.

THE COURT:  Is there anything that the Court has said

that you wish to have explained further?

THE DEFENDANT:  No, your Honor.

THE COURT:  Is anything unclear?

THE DEFENDANT:  No.  Everything is clear.

THE COURT:  And are you prepared to proceed with representation by Wilkie Farr, understanding the potential risks?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Anything further the government would have my ask?

MS. REILLY:  No, your Honor.

THE COURT:  Anything further the defense would have me ask?

MR. JACKSON:  No, your Honor.  Thank you.

THE COURT:  All right.  I find that Mr. Martinez has knowingly and voluntarily waived any potential conflict of interest that arises from Mr. Bellew's application to the United States Attorney's Office for the Southern District of New York.

Now let me address some of the other matters.

What is the government's anticipated timing with respect to the superseding indictment?

MS. REILLY:  Your Honor, in our letter we filed on Friday, we have asked for 14 days.  And I think that is a conservative estimate.  I am hopeful we will have a superceding

indictment this week.  But I have asked for the extra time just in light of the vagaries of scheduling with the grand jury.

So this week is my best estimate.  If you can give us the 14 days, I think that would be helpful.  We'll obviously let the Court and defense counsel know as soon as a superseding indictment is returned.

THE COURT:  So 14 days -- I don't have the calendar in front of me.

MS. REILLY:  I was thinking two weeks from last Friday, your Honor.

THE COURT:  So that would be the 27th.

MS. REILLY:  Yes, your Honor.

THE COURT:  Am I correct in understanding that there won't be any new counts?  It's just going be to changes to the mail fraud or the wire fraud count?

MS. REILLY:  Yes, your Honor.  That's correct.

THE COURT:  So let me ask, Mr. Jackson.  We'll need to arraign Mr. Martinez on the superseding indictment.

Is there any reason why that couldn't be done on February 17, which is the date that we've got scheduled for oral argument?

MR. JACKSON:  No, your Honor.  That would be our preference.

THE COURT:  Working off of the date of January 27 as the latest date for the superseding indictment, I anticipate

that you might want to put in papers addressing the effect of the superseding indictment, whether or not it cures the defect that you've identified.

I'm going to want that obviously in advance of February 17, sufficiently in advance that the government would have a week to respond to whatever you've put it in.

What's your request in that respect?

MR. JACKSON:  May I have just one moment, your Honor?

(Pause)

MR. JACKSON:  Your Honor, would our filing any papers by February 3, with the government filing by February 10, be acceptable to the Court?

THE COURT:  That is.  If you want to put in a reply, you would put it in by February 14 at 5:00 p.m.

Are those dates acceptable to the government?

MS. REILLY:  Yes, your Honor.

THE COURT:  And to you, Mr. Jackson?

MR. JACKSON:  Yes, your Honor.  Thank you.

THE COURT:  February 3 for a supplemental brief from defense counsel addressed to the effect of the superseding indictment with respect to the current motion to dismiss indictment and the arguments in there.  February 10 for the government's opposition.  February 14 for the reply.

Is there anything further from the government to discuss today?

MS. REILLY:  Nothing further from the government, your Honor.

THE COURT:  Mr. Jackson, anything further?

MR. JACKSON:  Nothing further.  Thank you, Judge.

THE COURT:  Thank you, all.  Apologies that we got started a little bit late this morning.  See you on February 17.

(Adjourned)