MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

tkasulis@maglaw.com
(212) 880-9555

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU
CURTIS B. LEITNER

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

February 24, 2023

Hon. Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York  10007

   Re: United States v. Rafael Martinez,
     22 Cr. 251 (LJL)

Dear Judge Liman:

   We represent Rafael Martinez in the above-captioned case and submit this letter motion to request that the Court direct the government to file a bill of particulars in connection with the allegations in Count One of the Superseding Indictment.  Mr. Martinez was arraigned on the Superseding Indictment on February 17, 2023.

**<ins>Count One of the Superseding Indictment</ins>**

   As the Court is aware, Count One of the Superseding Indictment charges Mr. Martinez with violations of 18 U.S.C. §§ 1343 and 2.  After reciting the statutory language, Count One alleges that Mr. Martinez "engaged in a scheme to fraudulently obtain millions of dollars in capital from an insurance company (the 'Company') and the Federal Reserve Bank of San Francisco, in order to issue loans through the Paycheck Protection Program (the 'PPP'), and thereby to fraudulently earn PPP lender fees, through false and fraudulent pretenses, representations, and documents, including by making false statements to the United States Small Business Administration (the 'SBA') in order to obtain approval for [MBE] to become a non-bank PPP lender."  Superseding Indictment ¶ 1.

   There are no other factual allegations in the Superseding Indictment related to Count One.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Lewis J. Liman
February 24, 2023
Page 2

### The Particulars Sought by Mr. Martinez

Mr. Martinez respectfully requests that the Court direct the government to provide a bill of particulars setting forth as to Count One: (a) the alleged deceived parties in addition to the SBA; (b) the alleged material misrepresentations or omissions made to those parties; (c) when those alleged material misrepresentations or omissions were made; and (d) who made those alleged material misrepresentations or omissions (if not Mr. Martinez).

Mr. Martinez has no objection to the Court allowing the government to amend the bill of particulars, including up to two weeks before trial or any other pretrial date the Court deems appropriate.

### Relevant Law

Federal Rule of Criminal Procedure 7(f) "allows a defendant to seek a bill of particulars in order to (1) identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial; (2) to prevent surprise; and (3) to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Rivera*, 89 F. Supp. 3d 376, 400-01 (E.D.N.Y. 2015) (citing *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (quotation marks omitted)). Whether to grant a bill of particulars is within the sound discretion of the district court. *See United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988).

"Certain charges, such as . . . fraud charges . . . , by their nature carry a greater potential for causing unfair surprise at trial due to their complexity," supporting the need for a bill of particulars. *United States v. Kahale*, 789 F. Supp. 2d 359, 373 (E.D.N.Y. 2009). "The Government does not fulfill its obligations [to specify the charges] merely by providing mountains of documents to defense counsel who were left unguided as to the nature of the charges pending." *United States v. Wey*, No. 15 Cr. 611 (AJN), 2017 WL 237651, at *18 (S.D.N.Y. Jan. 18, 2017) (quoting *Bortnovsky*). "[A] large volume of discovery warrants a bill of particulars if it obfuscates the allegedly unlawful conduct and unfairly inhibits the defendant's preparation for trial." *United States v. Mahaffy*, 446 F. Supp. 2d 115, 120 (E.D.N.Y. 2006).

While certain categories of particulars are typically disfavored – like efforts to determine the 'whens,' 'wheres,' and 'with whoms' regarding [a] conspiracy," *United States v. Muyet*, 945 F. Supp. 586, 599 (S.D.N.Y. 1996) – courts have been more amenable to requiring particulars as to the nature of claims the government alleges to be false. In *United States v. Nachamie*, for example, Judge Scheindlin ordered the government to particularize for each allegedly "false and misleading" insurance claim it intended to use at trial: "(i) who allegedly prepared each such form; (ii) who allegedly submitted each such form; (iii) when and where each such form was prepared and submitted; (iv) each item or entry on each such form which is alleged to be 'false and misleading;' (v) the manner in which such item or entry is allegedly false; (vi) the statement

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Lewis J. Liman
February 24, 2023
Page 3

or amount which the Government contends would have been an accurate statement of each such item or entry; and (vii) the manner in which each such amount was calculated."  91 F. Supp. 2d 565, 574 (S.D.N.Y. 2000); *see also United States v. Lino*, 2001 WL 8356, at *6 (S.D.N.Y. Jan. 2, 2001) (courts "routinely award" requests to particularize allegations of false statements).

**Discussion**

As this Court has recognized, in considering a request for a bill of particulars the "essential question is whether the defense has been provided sufficient particulars 'to conduct a meaningfully directed investigation of the relevant facts and circumstances and be prepared to respond to the charges.'"  *United States v. Ray*, 2021 WL 3168250, at *3 (S.D.N.Y. Jul. 27, 2021) (LJL) (citing *United States v. Bin Laden*, 92 F. Supp. 2d 225, 235 (S.D.N.Y. 2000)).

With respect to the revised Count One in the Superseding Indictment, Mr. Martinez has not.  Mr. Martinez did not raise a particulars request as to Count One in the original indictment, nor does he now with regard to Counts Two through Five of the Superseding Indictment.   But Mr. Martinez requires these additional particulars solely as to the revised Count One in order to be able to adequately prepare for the May 1, 2023 trial date in this case.

While there is a Complaint in this matter, its usefulness with regard to the requested particulars is limited, as set forth below.  And while the government may claim that its discovery productions to date should cure any lack of particularity in the indictment, we respectfully submit that the voluminous nature of the discovery cuts in the other direction.  The government has made nine Rule 16 productions to date, comprising almost 270,000 documents.  As the Second Circuit recognized in *Bortnovsky*, the government cannot "fulfill its obligations [to specify the charges] merely by providing mountains of documents to defense counsel who [are] left unguided" as to the preparation of the defense.  820 F.2d at 574; *see also Nachamie*, 91 F. Supp. 2d at 574 (200,000 pages of discovery insufficient to meet obligations under *Bortnovsky* without particulars).

Mr. Martinez respectfully submits that consideration of each of the categories of particulars sought against this backdrop demonstrates their necessity in this case.  First, Mr. Martinez requests the identity of any alleged deceived parties other than the SBA.  While the original indictment mentioned that the Company and the Federal Reserve sent funds to MBE after it was approved to conduct PPP business, there was not a claim that Mr. Martinez deceived those entities.  The Superseding Indictment, on the other hand, alleges that Mr. Martinez fraudulently sought to obtain money from the Company and the Federal Reserve through false representations, "including by" making alleged misrepresentations to the SBA.  Superseding Indictment ¶ 1.  Mr. Martinez cannot know if the government is claiming that he also deceived

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Lewis J. Liman
February 24, 2023
Page 4

the Company, the Federal Reserve, or any other person or entity.[1]  This modest information is needed so that Mr. Martinez can assess the government's evidence of any alleged deception of those entities, including questions as to materiality and causality.[2]

Second, Mr. Martinez requests that the government identify the alleged misrepresentations made to any non-SBA parties.  The Complaint indicates that "various documents" were submitted to the Company, including allegedly "fraudulent 2019 financial statements."  Complaint ¶¶ 12 ,20.  It is not clear if the government is asserting – or will assert at trial – that there were any other potentially misleading documents or oral representations transmitted to the Company, let alone to the Federal Reserve or any other (non-SBA) third party.  As the Court is aware, each misrepresentation or set of misrepresentations must be analyzed in turn.  What might be material to the SBA could be immaterial to the Company or the Federal Reserve, or vice versa.  This raises some of the concerns animating the grant of fraudulent statement particulars in *Nachamie*.

Third, Mr. Martinez requests that the government identify when those alleged misrepresentations were made.  This is in no way an effort to hem in the date range of the alleged charge.  Instead, Mr. Martinez needs to be able to assess the alleged misrepresentations in the context of the larger chronology of discussions with the SBA, the Company, and the Federal Reserve.  Context can render a representation immaterial just as easily as it makes it material, and the same can also be true as to whether a statement is misleading.  Given that Mr. Martinez is himself pivoting in preparing to answer the broader range of potential theories in the revised Count One, he requires this information in order to be ready to try the case on May 1.

Fourth, Mr. Martinez requests that the government indicate if anyone else made the alleged misrepresentations instead of Mr. Martinez.  In the event someone else made an alleged misrepresentation, Mr. Martinez would need time to research the context around that representation and potentially to interview that person or secure his testimony for trial.

In short, Mr. Martinez is requesting limited particulars as to only one count in a superseding instrument that broadened the potential theories against him only a few months before trial.  We respectfully submit that the provision of limited particulars is appropriate in this case.

---

[1] The Complaint alleges in two locations that Mr. Martinez sent to the Company the "fraudulent 2019 Audited Financial Statements" it sent to the SBA.  *See* Complaint ¶¶ 12, 32(a).  The Complaint does not allege those materials were sent to the Federal Reserve or any other party.

[2] In our efforts to resolve these issues without the need for application to the Court, the government provided the identity of the "Company" in the Superseding Indictment but refused to provide any additional information, including as to whether it intended to argue at trial that other parties were deceived.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Lewis J. Liman
February 24, 2023
Page 5

## CONCLUSION

Mr. Martinez's request for a limited bill of particulars only as to Count One should be granted.

Respectfully submitted,

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO, P.C.

/s/ Telemachus P. Kasulis
Telemachus P. Kasulis
Elkan Abramowitz

WILLKIE FARR & GALLAGHER LLP

Michael S. Schachter
Randall Jackson

*Counsel for Rafael Martinez*

cc:    AUSA Katherine C. Reilly
       AUSA Micah F. Fergensen

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P. C.

Hon. Lewis J. Liman
February 24, 2023
Page 6

## Declaration

Prior to the filing of this motion, I attempted to resolve the request for particulars set forth herein by conferring with counsel for the government pursuant to Local Criminal Rule 16.1. The parties have been unable to reach an agreement.

I declare under penalty of perjury that the foregoing is true and correct, pursuant to Title 28, United States Code, Section 1746.

New York, New York                    /s/ Telemachus P. Kasulis
February 24, 2023                      Telemachus P. Kasulis