## MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

tkasulis@maglaw.com
(212) 880-9555

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU
CURTIS B. LEITNER

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

March 7, 2023

Hon. Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York  10007

> Re:    United States v. Rafael Martinez,
>        22 Cr. 251 (LJL)

Dear Judge Liman:

We represent Rafael Martinez and submit this brief reply on our motion for a bill of particulars to make three short points.

*First*, the scope of the revised Count One is still not clear from the government's opposition papers.  As an example, the government states: "[I]n seeking particulars, the defendant claims that he 'cannot know if the government is claiming that he also deceived the Company, the Federal Reserve, or any other person or entity.' Def. Br. at 3-4. But the Complaint specifically describes how the defendant submitted fraudulent audited financial statements to the Company in connection with the Company's due diligence on MBE, before giving MBE $100 million in capital."  Opposition at 4.  This is only a partial answer to Mr. Martinez's request.  Is the government claiming that Mr. Martinez *also* deceived the Federal Reserve – or any other third party – in addition to the Company?  There is no way to tell.

*Second*, the government suggests that Mr. Martinez should have made a motion for a bill of particulars earlier because "the government's theory was inarguably set forth in its initial opposition to the defendant's motion to dismiss."  Opposition at 5 n.2.  But as Mr. Martinez argued in his motion to dismiss, that theory was not the one set forth in the Indictment.  To fix that error, the government returned a superseding instrument.  Mr. Martinez now requires limited particulars to address the scope of the revised Count One to be ready for trial on May 1.

*Third*, the government suggests that the substantial volume of discovery in this case – including yet another Rule 16 production made as recently as today – should weigh against

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P. C.

Hon. Lewis J. Liman
Page 2

particulars because the government "has included an index of the items produced, identified by category, and Bates number range" and the documents can be "loaded, reviewed, and searched." Opposition at 4.  Respectfully, that is what the government does in nearly every case.  These are not the meaningful "roadmaps" or lengthy speaking indictments cited in the cases upon which the government relies.

Mr. Martinez's request for a limited bill of particulars only as to Count One of the Superseding Indictment should be granted.

Respectfully submitted,

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO, P.C.

/s/ Telemachus P. Kasulis
Telemachus P. Kasulis
Elkan Abramowitz

WILLKIE FARR & GALLAGHER LLP

Michael S. Schachter
Randall Jackson

*Counsel for Rafael Martinez*

cc:    AUSA Katherine C. Reilly
       AUSA Micah F. Fergensen
       AUSA Steven J. Kochevar